Filed 3/11/16  P. v. Santos CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B265452 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA082644) |
| v. | |
| CARLOS ERNESTO SANTOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David B. Gelfound, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Carlos Ernesto Santos (Santos) appeals his conviction and sentence on one count of possession of methamphetamine for sale. We affirm.

At a preliminary hearing, Los Angeles Police Department (LAPD) Officer Scott Bush testified that on December 12, 2014, he and his partner Officer Torres arrested Santos for a parole violation and took him to the Van Nuys jail. Officer Bush was not present when Officer Torres searched Santos, but Officer Torres told Officer Bush what happened. Officer Torres conducted a strip search and had Santos squat down and bend at the waist, and saw plastic protruding from Santos's rectum. He asked Santos to remove it but Santos reached back with his right index finger and appeared to push the plastic item further in. Officer Torres told Santos to remove it and Santos said he was trying but could not. Officer Torres had Santos squat down three times and again bend over, saw the plastic again, and asked Santos to remove it. Again, Santos appeared to push the plastic item back in. Officer Torres told Santos that if he did not remove the item, the officers would take him to a medical facility where they would remove it. Santos then removed the plastic item and handed it to Officer Torres. It was a clear plastic bag containing an off-white crystalline substance resembling methamphetamine. Officer Bush spoke to the analyst who examined the substance, who opined to Officer Bush that the substance was .12 gross grams of methamphetamine. In Officer Bush's experience, this was a usable quantity that could equal three to four doses, or individual hits.

An information filed January 5, 2015, charged Santos with one count of possession of methamphetamine in jail, in violation of Penal Code Section 4573.6, subdivision (a), and alleged that Santos had three prison priors and a prior strike. Santos filed a motion for discovery under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 with respect to Officers Bush and Torres, later withdrawing his request as to Bush. On April 22, 2015, the trial court granted the motion and after an in camera hearing, reported that there "[were] no hits" related to any complaints or reports that Torres had falsified police reports or had testified falsely.

Pursuant to a plea agreement for a stipulated term, the prosecutor amended the information to include a count charging possession of methamphetamine for sale, in violation of Penal Code section 11378. After advisement by the court, Santos pleaded no contest to that count and admitted the strike prior. The court dismissed all remaining counts and allegations and sentenced Santos to twice the low term as agreed, for a total of 32 months, and imposed fees and fines. Santos filed this timely appeal.

We appointed counsel to represent Santos on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently. On December 11, 2015, we advised Santos he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, we have received no response.

We have examined the entire record and are satisfied that Santos's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.

3